## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
## CIVIL FILE NO.: 22-cv-968

JAMIE DELORME, on behalf of
himself and all others similarly
situated,

            Plaintiff,

v.

BIG THINK CAPITAL, INC.,

            Defendant.

**COMPLAINT AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227 *et seq.***

<u>DEMAND FOR JURY TRIAL</u>

---

### INTRODUCTION

1.      Jamie DeLorme ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Big Think Capital, Inc. ("Big Think Capital" or "Defendant") in negligently, and/or willfully contacting Plaintiff through telephone calls on Plaintiff's cellular telephone and by calling his number listed on the National Do Not Call Registry, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.*, ("TCPA"), thereby invading Plaintiff's privacy.  Plaintiff alleges as follows upon personal knowledge as to his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### NATURE OF ACTION

2.      The TCPA strictly forbids nuisance phone calls and text messages exactly like those alleged in this Complaint – intrusive phone calls and text messages to phone numbers placed to consumers who registered their phone on the National

Do Not Call registry ("DNC") and to consumers who have demanded that the calls stop.

3.      As the Supreme Court explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

4.      The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

5.      A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

6.      When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3). 9. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. *In re Rules and Regulations Implementing the TCPA of 1991*, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

7.      The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

8.      Plaintiff and members of the Class suffered a concrete injury in fact, whether tangible or intangible, that is directly traceable to Defendant's conduct, and is likely to be redressed by a favorable decision in this action.

9.      Plaintiff seeks an injunction stopping Defendant from making unsolicited phone calls to numbers on the DNC and from internal do not call lists

and from sending unsolicited text messages, as well as an award of statutory damages under the TCPA, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

10.      Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff seeks up to $1,500 in damages for each call and/or text message in violation of the TCPA, which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction.  Further, Plaintiff alleges a national class, which will result in at least one class member belonging to different states than that of the Defendant, providing jurisdiction under 28 U.S.C. § 1332(d)(2)(A).  Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

11.      This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the TCPA, a federal statute.

12.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) because this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

## PARTIES

13.      Plaintiff Jamie DeLorme is, and at all times mentioned herein was, a resident of the State of Minnesota.  He is, and at all times mentioned herein was a "person" as defined by 47 U.S.C. § 153 (39).

14.      Defendant Big Think Capital is a New York corporation with its principal place of business located Melville, New York.  Defendant is, and at all times mentioned herein was a "person" as defined by 47 U.S.C. § 153 (39).

## FACTUAL ALLEGATIONS

15.      Commencing in approximately 2020, after deciding not to pursue a loan with Big Think Capital, Plaintiff DeLorme received at least seventeen (17)

unsolicited advertising communications, including phone calls and text message to Plaintiff DeLorme's cell phone which is on the DNC.

16.     Plaintiff DeLorme advised Defendant to no longer contact him on his cellular phone and sent Big Think Capital a cease-and-desist letter on January 22, 2021 and received by Defendant on February 2, 2021.   Plaintiff DeLorme additionally texted the word STOP to multiple text messages sent by Big Think Capital and called Defendant on February 12, 2021 to request the solicitations to stop.

17.     After the cease-and-desist letter was sent and received by Defendant, Plaintiff DeLorme received at least one (1) more unsolicited advertising calls and texts from Defendant soliciting its services.

18.     Specifically on the followings dates and times:

March 20th, 2020 at 15:46 from 1-844-623-3835

March 23rd, 2020 at 15:32 from 1-844-623-3835

April 9th, 2020 at 08:02 from 1-833-369-3529

April 14th, 2020 at 12:01 from 1-833-369-3529

April 20th, 2020 at 09:41 from 1-833-369-3529

April 22nd, 2020 at 12:16 from 1-833-644-0054

April 26th, 2020 at 18:36 from 1-833-369-3529

April 27th, 2020 at 15:36 from 1-833-644-0054

April 29th, 2020 at 14:53 from 1-833-644-0054

May 4th, 2020 at 12:05 from 1-833-369-3529

May 4th, 2020 at 13:10 from 1-833-644-0054

May 12th, 2020 at 17:14 from 1-833-369-3529

May 15th, 2020 at 10:56 from 1-833-369-3529

May 26th, 2020 at 20:36 from 1-833-369-3529

June 4th, 2020 at 16:29 from 1-833-369-3529

June 15th, 2020 at 16:42 from 1-833-369-3529

June 23rd, 2020 at 10:35 from 1-833-369-3529

June 26th, 2020 at 10:38 from 1-833-644-0054

July 6th, 2020 at 15:15 from 1-833-369-3529

July 23rd, 2020 at 15:03 from 1-833-369-3529

July 29th, 2020 at 12:25 from 1-833-369-3529

January 22nd 2021 at 15:50 from 1-833-602-8149

January 30th, 2021 at 11:34 from 1-833-602-8149

February 3rd, 2021 at 19:47 from 1-833-602-8149

19.     Plaintiff replied "stop" on July 6, 2020 at 07:28 to telephone number 1-833-644-0054.

20.     Plaintiff replied "stop" on July 29, 2020 at 12:46 to telephone number 1-833-369-3529.

21.     All solicitations from Big Think Capital came from various numbers, however each call and text messages stated it was Big Think Capital. Example as follows:



22.     The unauthorized solicitation text messages that Plaintiff received from Big Think Capital, as alleged herein, have harmed Plaintiff DeLorme in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

23.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

24.     47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

25.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

26.     Further, "[a] person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls.  A do-not-call request must be honored for 5 years from the time the request is make.  47 C.F.R. § 64.1200(d)(6).

27.     Defendant violated 47 C.F.R. § 64.1200(c) and (d) by initiating, or causing to be initiated, solicitations text message solicitations to telephone subscribers such as Plaintiff and individuals who registered their respective telephone numbers on the DNC and/or who provided a do not call request to Defendant.

28.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and individuals on the DNC received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct alleged herein, Plaintiff and class members suffered actual damages, and under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

29.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the classes.

## CLASS ACTION ALLEGATIONS

30.     Plaintiff De Lorne bring this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seek certification of the following Classes:

**<u>Do Not Call Registry Class:</u>**
All persons in the United States who from four years prior to the filing of this action through trial (1) Defendant (or an agent acting on behalf of the Defendant) called and/or sent a text message more than one time, (2) within any 12-month period, (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant called and texted Plaintiff, and (5) for whom Defendant claims it obtained the person's number in substantially the same manner it obtained Plaintiff's number.

**<u>Internal Do Not Call Class:</u>**
All persons in the United States who from four years prior to the filing of this action through trial (1) Defendant (or an agent acting on behalf of the Defendant) called and/or sent a text message more than one time, (2) within any 12-month period, (3) for substantially the same reason Defendant called Plaintiff, including (4) at least one call after they requested that Defendant stop calling.

The following are excluded from the Classes:   (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant has been fully and finally adjudicated and/or released. Plaintiff DeLorme anticipates the need to amend the Class definitions following appropriate discovery.

8

31.     Plaintiff and members of the Classes were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their telephones by using unsolicited telephone calls and text messages to lines on the DNC list and/or on Defendant's internal do not call list, thereby causing Plaintiff and the Class members to incur certain telephone charges or reduce telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members.  Plaintiff and the Class members were damaged thereby.

32.     This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Classes and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

33.     The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court.  The Classes can be identified through Defendant's records or Defendant's agents' records.

34.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to the Classes predominate over questions which may affect individual Class members, including the following:

      a. Whether, within the four years prior to the filing of this Complaint, Defendant or its agents placed solicitation telephone calls and/or text to recipients and on the DNC or internal call list;

      b. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

     c.  Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

35.     As a person that received, within any 12-month period, a phone call and text message when his number had been listed on the National Do Not Call Registry for at least thirty days and who requested that Defendant cease all communications to his phone number, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interest antagonistic to any member of the Class.

36.     Plaintiff and the members of the Classes have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct.  Absent a class action, the Classes will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct.  Because of the size of the individual Class member's claims, few, if any, Class members could afford to individually seek legal redress for the wrongs complained of herein.

37.     Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

38.     A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendant to comply with federal law.  The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

39.     Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. §§ 227 *ET SEQ.*

40.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41.     The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

42.     The foregoing acts and omissions of Defendant Pinnacle and its agents constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

43.     As a result of Defendant and its agents', negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Classes are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

44.     Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

/ / /

/ / /

## SECOND CAUSE OF ACTION

## KNOWING AND/OR WILLFUL VIOLATIONS OF THE

## TELEPHONE CONSUMER PROTECTION ACT

11

## 47 U.S.C. §§ 227 *ET SEQ.*

45.     Plaintiff incorporates by reference the above paragraphs 1 through 36 inclusive, of this Complaint as though fully stated herein.

46.     The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

47.     The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227 *et seq*.

48.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

49.     Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

**Wherefore**, Plaintiff respectfully requests the Court to grant Plaintiff and the Class members the following relief against Defendant:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. §§ 227 *ET SEQ.*

1. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

2. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

3. Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. §§ 227 *ET SEQ.*

4. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

5. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

6. Any other relief the Court may deem just and proper.

### JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this 15th day of April, 2022.

<u>s/ Thomas J Lyons Jr</u>

Thomas J. Lyons Jr., Esq.
Attorney I.D. #:  0249646
**CONSUMER JUSTICE CENTER P.A.**
367 Commerce Court
Vadnais Heights, MN  55127
Telephone: 651-770-9707
Facsimile: 651-704-0907
tommy@consumerjusticecenter.com

**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON
ALEXIS M. WOOD
KAS L. GALLUCCI

651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665
(*To Be Admitted Pro Hac Vice*)

**Attorneys for Plaintiff
and the Proposed Classes**