# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Jamie DeLorme, on behalf of himself and all others similarly situated, | Court File No.: 22-cv-968 (NEB/DTS) |
| Plaintiff, | **ANSWER** |
| v. | |
| Big Think Capital, Inc., | |
| Defendant. | |

Pursuant to Fed. R. Civ. P. 12(a), Defendant Big Think Capital, Inc. ("Big Think"), for its Answer to Plaintiff Jamie Delorme's ("Delorme") Complaint states as follows:

## INTRODUCTION

1. The Defendant can neither admit nor deny the allegations set forth in Paragraph "1" of the Complaint, as Plaintiff asserts no allegations of fact.

## NATURE OF ACTION

2. The Defendant can neither admit nor deny the allegations set forth in Paragraph "2" of the Complaint, as Plaintiff asserts no allegations of fact. Defendant refers all questions of law to the Court for the time of trial.

3. The Defendant can neither admit nor deny the allegations set forth in Paragraph "3" of the Complaint, as Plaintiff asserts no allegations of fact. Defendant refers all questions of law to the Court for the time of trial.

4. The Defendant can neither admit nor deny the allegations set forth in Paragraph "4" of the Complaint, as Plaintiff asserts no allegations of fact. Defendant refers all questions of law to the Court for the time of trial.

5. The Defendant can neither admit nor deny the allegations set forth in Paragraph "5" of the Complaint, as Plaintiff asserts no allegations of fact. Defendant refers all questions of law to the Court for the time of trial.

6. The Defendant can neither admit nor deny the allegations set forth in Paragraph "6" of the Complaint, as Plaintiff asserts no allegations of fact. Defendant refers all questions of law to the Court for the time of trial.

7. The Defendant can neither admit nor deny the allegations set forth in Paragraph "7" of the Complaint, as Plaintiff asserts no allegations of fact. Defendant refers all questions of law to the Court for the time of trial.

8. The Defendant denies the allegations contained in Paragraph "8" of the Complaint.

9. The Defendant can neither admit nor deny the allegations set forth in Paragraph "9" of the Complaint, as Plaintiff asserts no allegations of fact. Defendant refers all questions of law to the Court for the time of trial.

## JURISDICTION AND VENUE

10. The Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "10" of Plaintiff's Complaint and leaves all questions of law for the Court for the time of trial.

11. The Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "11" of Plaintiff's Complaint and leaves all questions of law for the Court for the time of trial.

12. The Defendant denies the allegations contained in Paragraph "12" of the Complaint

## THE PARTIES

13. The Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "13" of Plaintiff's Complaint.

14. The Defendant admits the allegations contained in Paragraph "14" of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

15. The Defendant denies the allegations contained in Paragraph "15" of the Complaint, except admits that Defendant contacted a cell phone number similar to the one listed in the Complaint.

16. The Defendant denies the allegations contained in Paragraph "16" of the Complaint.

17. The Defendant denies the allegations contained in Paragraph "17" of the Complaint.

18. The Defendant denies the allegations contained in Paragraph "18" of the Complaint.

19. The Defendant denies knowledge sufficient to form a belief as to the truth of the allegation in Paragraph "19" of the Complaint.

20. The Defendant denies knowledge sufficient to form a belief as to the truth of the allegation in Paragraph "20" of the Complaint.

21. The Defendant can neither admit nor deny the allegations contained in Paragraph "21" of the Complaint, as the document speaks for itself.

22. The Defendant denies the allegations contained in Paragraph "22" of the Complaint.

23. The Defendant can neither admit nor deny the allegations set forth in Paragraph "23" of the Complaint, as Plaintiff asserts no allegations of fact. Defendant refers all questions of law to the Court for the time of trial.

24. The Defendant can neither admit nor deny the allegations set forth in Paragraph "24" of the Complaint, as Plaintiff asserts no allegations of fact. Defendant refers all questions of law to the Court for the time of trial.

25. The Defendant can neither admit nor deny the allegations set forth in Paragraph "25" of the Complaint, as Plaintiff asserts no allegations of fact. Defendant refers all questions of law to the Court for the time of trial.

26. The Defendant can neither admit nor deny the allegations set forth in Paragraph "26" of the Complaint, as Plaintiff asserts no allegations of fact. Defendant refers all questions of law to the Court for the time of trial.

27. The Defendant denies the allegations contained in Paragraph "27" of the Complaint.

28. The Defendant denies the allegations contained in Paragraph "28" of the Complaint.

29. The Defendant denies the allegations contained in Paragraph "29" of the Complaint.

## CLASS ACTION ALLEGATIONS

30. The Defendant can neither admit nor deny the allegations set forth in Paragraph "30" of the Complaint, as Plaintiff asserts no allegations of fact. Defendant refers all questions of law to the Court for the time of trial.

31. The Defendant denies the allegations contained in Paragraph "31" of the Complaint.

32. The Defendant denies the allegations contained in Paragraph "32" of the Complaint.

33. The Defendant denies the allegations contained in Paragraph "33" of the Complaint.

34. The Defendant denies the allegations contained in Paragraph "34" of the Complaint. Defendant refers all questions of law to the Court for the time of trial.

35. The Defendant denies the allegations contained in Paragraph "35" of the Complaint. Defendant refers all questions of law to the Court for the time of trial.

36. The Defendant denies the allegations contained in Paragraph "36" of the Complaint. Defendant refers all questions of law to the Court for the time of trial.

37. The Defendant denies knowledge sufficient to form a belief as to the truth of the allegation in Paragraph "37" of the Complaint.

38. The Defendant denies the allegations contained in Paragraph "38" of the Complaint. Defendant refers all questions of law to the Court for the time of trial.

39. The Defendant denies the allegations contained in Paragraph "39" of the Complaint. Defendant refers all questions of law to the Court for the time of trial.

**FIRST CAUSE OF ACTION**

40. The Defendant repeats the statements and denials in Paragraphs "1" through "39" in response to Paragraph "40".

41. The Defendant denies the allegations contained in Paragraph "41" of the Complaint.

42. The Defendant denies the allegations contained in Paragraph "42" of the Complaint.

43. The Defendant denies the allegations contained in Paragraph "43" of the Complaint.

44. The Defendant denies the allegations contained in Paragraph "44" of the Complaint.

**SECOND CAUSE OF ACTION**

45. The Defendant repeats the statements and denials in Paragraphs "1" through "44" in response to Paragraph "45".

46. The Defendant denies the allegations contained in Paragraph "46" of the Complaint.

47. The Defendant denies the allegations contained in Paragraph "47" of the Complaint.

48. The Defendant denies the allegations contained in Paragraph "48" of the Complaint.

49. The Defendant denies the allegations contained in Paragraph "49" of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

50. The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

51. The claims of the Complaint are barred by the failure to mitigate damages.

### THIRD AFFIRMATIVE DEFENSE

52. At all times relevant, Big Think acted in good faith.

### FOURTH AFFIRMATIVE DEFENSE

53. The actions or inactions of Big Think did not cause Mr. Cunningham any actual or concrete harm and, therefore, this Court has no subject matter jurisdiction.

### FIFTH AFFIRMATIVE DEFENSE

54. The claims of at least some of the putative class members are barred by the doctrines of acquiescence, waiver, estoppel, and ratification.

### SIXTH AFFIRMATIVE DEFENSE

55. The claims of the Complaint are barred by Mr. Cunningham's unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

56. At all times relevant to the Complaint, the TCPA violated the First Amendment to the United States Constitution.

### EIGHTH AFFIRMATIVE DEFENSE

57. Defendant received consent to call the Phone Number.

### NINTH AFFIRMATIVE DEFENSE

58. Mr. Cunningham and the putative class members lack standing.

### TENTH AFFIRMATIVE DEFENSE

59. The claims of at least some of the putative class members are barred by the applicable statutes of limitations.

### ELEVENTH AFFIRMATIVE DEFENSE

60. To the extent the Complaint seeks class relief, claims of the putative class are barred by the doctrine of judicial estoppel.

### TWELFTH AFFIRMATIVE DEFENSE

61. The imposition of statutory damages would violate the Due Process Clause of the Fifth Amendment to the United States Constitution.

### THIRTEENTH AFFIRMATIVE DEFENSE

62. To the extent the Complaint seeks class relief, the claims of at least some of the putative class members are barred by res judicata.

### ADDITIONAL DEFENSES

63. Big Think gives notice that it intends to rely on such other defenses as may become available during the discovery proceedings in this case and hereby reserves the right to amend this Answer in order to assert such defenses.

WHEREFORE, Answering Defendant respectfully prays for judgment as follows:

    a.    Dismissing the Complaint in its entirety, with prejudice;

    b.    Awarding the Answering Defendant the costs and disbursements of this action; and

    c.    Such other and further relief as this Court deems just, equitable and proper.

**SCHWARTZ ETTENGER, PLLC**

Date: May 27, 2022

*s/ Jeffrey S. Ettenger*
Jeffrey S. Ettenger, Esq.
#2787570 NY (Admitted Pro Hac Vice)
Attorneys for Defendant

445 Broad Hollow Road, Suite 205
Melville, New York 11747
Telephone: (631) 777-2401
Fax: (631) 777-2402
jse@selawny.com

**MORRISON SUND PLLC**

Date: May 27, 2022

*s/ Matthew R. Burton*
Matthew R. Burton
#210018 MN
Attorneys for Defendant

5125 County Road 101, Suite 200
Minnetonka, MN 55345
Telephone: (952) 975-0050
Fax: (952) 975-0058
mburton@morrisonsund.com